UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 8:20-cv-00821-SB-GJSx | Date: | 10/14/2021 |
|---|---|---|---|

| Title: | *Irina Morris v. Aetna Life Ins. Co.* |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| J. Remigio for Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**     **[In Chambers] ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL, RECONSIDERATION OF RULING, AND RELIEF FROM JUDGMENT [Dkt. No. 57]**

After a bench trial held on June 4, 2021 the Court entered judgment in favor of Defendant Aetna Life Insurance Company on August 17, 2021.  Judgment, Dkt. No. 52.  Plaintiff Irina Morris now asks this Court: (i) to alter or amend the judgment and for a new trial pursuant to Federal Rule of Civil Procedure 59; and (ii) for relief from the judgment pursuant to Federal Rule of Civil Procedure 60. Mot., Dkt. No. 57-1.  The motion is fully briefed.  Opposition (Opp.), Dkt. No. 59; Reply, Dkt. No. 60.  The Court finds that oral argument would not be helpful on this matter and vacates the October 22, 2021 hearing.  Fed. R. Civ. P. 78; L.R. 7-15.  For the reasons stated below, the Court **denies** the motion.

## I.     BACKGROUND

Plaintiff was an employee of Callidus Software.  Findings of Fact and Conclusions of Law (Findings) ¶ 1, Dkt. No. 50.  Through her employment, Plaintiff enrolled in a plan administered by Defendant that provided long-term

disability (LTD) benefits.  *Id.* ¶ 2.  The total LTD benefit under the plan was based on 60% of Plaintiff's monthly salary minus applicable offsets.  *Id.* ¶¶ 4-5.  In 2009, after being diagnosed with cancer, Plaintiff took sick leave and submitted an LTD claim to Defendant.  *Id.* ¶ 7.  Defendant approved Plaintiff's claim and calculated her monthly LTD benefits at $4,113.17 per month.  *Id.* ¶¶ 8-9.  Defendant's claim representative apparently based this calculation on the assumption that Plaintiff was paid bi-weekly (26 paychecks a year), although Plaintiff was actually paid semi-monthly (24 paychecks a year).  *Id.* ¶ 10.  As a result, Plaintiff received larger LTD benefit payments until Defendant discovered the miscalculation in late 2018.  *Id.* ¶¶ 11-13.  Defendant began reducing and withholding Plaintiff's monthly benefits to recoup the overpayment, recovering $56,063 of the $56,418.17 owed.  *Id.* ¶ 14.  Plaintiff appealed the decision to reduce her LTD benefits, and Defendant denied the appeal.  *Id.*  ¶¶ 15-16.

Plaintiff then filed a Complaint in this Court, asserting a cause of action for ERISA benefits under ERISA § 502(a)(1)(B) and a second cause of action seeking equitable relief for an alleged breach of fiduciary duty under § 502(a)(3).  Compl., Dkt. No. 1.  The Court held a bench trial on June 4, 2021 and found for Defendant on both counts.  Findings ¶¶ 26, 34.  In rejecting Plaintiff's § 502(a)(3) claim, the Court relied in part on the Ninth Circuit's recent decision in *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1028 (9th Cir. 2021), which held that the calculation of benefits according to a pre-set formula was not a fiduciary function under ERISA.  There, a third-party plan administrator (TPA) tasked with administering the plan generated statements showing plan participants their anticipated monthly pension benefits when they retired.  *Id.* at 1024.  Prior to retirement, two participants requested such statements and received responses that "grossly overestimated the benefits" to which they would be entitled.  *Id.* at 1024.  After the participants retired, they were notified that a mistake had occurred and that they were entitled to a much lower benefit.  *Id.* at 1025.

The Ninth Circuit affirmed the dismissal of a breach of fiduciary claim against the TPA—as well as the plan sponsor and the committee who had delegated power to the TPA—and held that no fiduciary duty had been breached.  *Id.* at 1028-29.  The court held that the TPA was not "performing a fiduciary function in miscalculating retirement benefits" because such calculation did "not involve the requisite discretion or control to constitute a fiduciary function."  *Id.* at 1028.

This Court found that "[t]he holding in *Bafford* defeats Morris's § 502(a)(3) claim." Findings ¶ 31.  The Court explained:

> The alleged breach of fiduciary duties—resulting from the miscalculation, the repeated affirmation of the miscalculation, and the failure to audit to catch miscalculations—all are inextricably entwined with the "calculation of . . . benefits," which is "a ministerial function that does not have a fiduciary duty attached to it." [*Bafford*, 994 F.3d at 1028].  The actions of Aetna do not involve the sort of discretionary decision-making that typifies the fiduciary role.  That fact defeats Morris's claim, which is contingent on the existence of a breach of a fiduciary duty.
>
> . . . . .
>
> At bottom, what matters is not the quantity of a defendant's acts but the nature of those acts . . . .  Under *Bafford*, calculating benefits according to a formula is an act entirely ministerial in nature, and the Court does not find that such an act transforms it into a fiduciary function by mere repetition.

Findings ¶¶ 31-32.

After judgment was entered, Plaintiff timely filed the instant motion, arguing that the Court committed a "clear error of law" in holding that Aetna did not breach its fiduciary duty on September 14, 2021.  Dkt. No. 57-1.  The motion cites numerous cases that Plaintiff claims "distinguish[]" *Bafford* from this case.  *Id.* at 2.

## II.    ANALYSIS

Plaintiff brings her motion under Federal Rules of Civil Procedure 59(a), 59(e), and 60(b).  Mot. at 3-4.

Under Rule 59(a), a new trial may be ordered after a nonjury trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."  Fed. R. Civ. P 59(a)(1)(B).  Rule 59 does not specify the grounds upon which a motion for new trial may be granted.  Instead, a court is "bound by those grounds that have been historically recognized." *Zhang v. Am. Gem. Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003).  There are three grounds for

granting new trials after bench trials:  (1) manifest error of law; (2) manifest error of fact, and (3) newly discovered evidence.  *See Brown v. Wright*, 588 F.2d 708, 710 (9th. Cir. 1978); *see also Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 n.4 (9th Cir. 2007).  "A new trial may be ordered to correct manifest errors of law or fact, but the burden of showing harmful error rests on the party seeking the new trial."  *Boston Sci. Corp. v. Johnson & Johnson*, 550 F.Supp.2d 1102, 1110 (N.D. Cal. 2008) (cleaned up).

Rule 59(e) allows a party to seek alteration or amendment of a judgment within 28 days after the entry of judgment.  Fed. R. Civ. P. 59(e).  "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law."  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  Amending a judgment after its entry under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted); *see also Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application).  Accordingly, a "Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  In other words, "Rule 59(e) does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to . . . advance arguments that could and should have been presented to the district court prior to the judgment."  *Patton Boggs, LLP v. Chevron Corp.*, 791 F. Supp. 2d 13, 27 (D.D.C. 2011) (internal quotation marks omitted).

Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief."  *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).  Relief under Rule 60(b) is "extraordinary" and "may be granted only upon an adequate showing of exceptional circumstances."  *Stevens v. ITT Sys., Inc.*, 868 F.2d 1040, 1041 n.1 (9th Cir. 1989); *see also Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) ("Judgments are not

often set aside under Rule 60(b)(6).  Rather, the Rule is used sparingly as an equitable remedy to prevent manifest injustice . . . .") (cleaned up).  A district court enjoys considerable discretion in ruling on motions brought under Rules 59 and 60.  *See McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (courts "enjoy[] considerable discretion" in granting or denying a motion to amend or alter a judgment under Rule 59(e));  *Barber v. State of Hawai'i*, 42 F.3d 1185, 1198 (9th Cir.1994) (motions under Rule 60(b) "are addressed to the sound discretion of the district court").

Here, Plaintiff has not cleared the "high hurdle" of establishing that she is entitled to extraordinary or highly unusual relief under either Rule 59 or Rule 60.  Plaintiff's motion argues that the Court incorrectly applied *Bafford*, cites cases from districts and circuits across the country in an attempt to "distinguish" *Bafford*, and alleges various factual distinctions between *Bafford* and this case.  Mot.  None of these arguments is appropriate on a motion for reconsideration because Plaintiff "could reasonably have . . . raised [them] earlier in the litigation," *Kona Enters.*, 229 F.3d at 890, and now seeks a "forbidden second bite at the apple," *Weeks*, 246 F.3d at 1236.

Anticipating this roadblock, Plaintiff claims that this motion is her "first opportunity to brief the holding in *Bafford*." Mot. at 2 n.2.  This is incorrect.  The *Bafford* decision issued on April 15, 2021—the same day the parties' opening trial briefs were due.  But the parties submitted response trial briefs on May 6, 2021—after the *Bafford* decision.  Defendant's response brief discussed *Bafford* at length, Dkt. No. 41, but Plaintiff did not mention *Bafford* at all, Dkt. No. 40.  The parties submitted proposed findings of fact and conclusions of law on May 28, 2021.  Defendant again relied on *Bafford*, Dkt. No. 45-1, while Plaintiff again made no mention of it (despite the fact that she was clearly aware of the decision by that point), Dkt. No. 44.  Nor did Plaintiff request to file a supplemental brief.  Instead, Plaintiff appeared content to address the case at trial.  And the parties did discuss *Bafford* extensively at trial.  As the Court stated in its Findings of Fact and Conclusions of Law:

> Morris did not discuss *Bafford* in her briefing but her counsel addressed it at the bench trial.  Counsel argued that *Bafford* is distinguishable because this case does not just involve a miscalculation but the ongoing payment of benefits according to that miscalculation for several years.

Findings ¶ 32.

Thus, contrary to her assertion, Plaintiff had multiple opportunities before judgment to raise any of the arguments about *Bafford* she now advances in her motion.  Defendant availed itself of those opportunities in writing; Plaintiff chose not to.  Moreover, Plaintiff *did* try to distinguish *Bafford* on an unrelated basis at trial, as explained above, and the Court rejected that argument.  Plaintiff cannot now in this motion for reconsideration bring arguments she could and should have presented earlier.  *See Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983) (stating that a motion for reconsideration should not be used to ask the court "to rethink what the court had already thought through—rightly or wrongly.").  The Court therefore denies the motion on procedural grounds.

In addition, Plaintiff's arguments are meritless.  Plaintiff argues her case is "governed by" a recent Second Circuit decision, *Sullivan-Mestecky v. Verizon Comms. Inc.*, which observed that entities "act as fiduciaries when they communicate with plan members and beneficiaries about plan benefits."  961 F.3d 91, 104 (2d Cir. 2020) (quotation and citation omitted).  Plaintiff applies this principle to argue that Defendant was acting as a fiduciary when it communicated the incorrect benefits amount to her.  Mot. at 3, 18-20.  This argument overlooks the fact that this Court is not "governed by" or otherwise bound by the decisions of another circuit.  *See Zuniga v. United Can Co.*, 812 F.2d 443, 450 (9th Cir. 1987) ("District courts are, of course, bound by the law of their own circuit . . . .").  More fundamentally, this Court is not free to follow the law of another circuit that is contrary to the law in this circuit.  Were this Court to apply *Sullivan-Mestecky* as expansively as argued by Plaintiff, it would run afoul of the holding in *Bafford*— which discussed *Sullivan-Mestecky* and rejected the broad principle urged here. *Bafford* distinguished *Sullivan-Mestecky* based on the distinct functions being performed, noting that the challenged function in *Bafford* was ministerial rather than fiduciary in nature.  994 F.3d at 1028 (concluding that the "calculation of pension benefits is a ministerial function that does not have a fiduciary duty attached to it"); *see also id*. (explaining that "[t]he touchstone of our reasoning is that [the] calculation of participants' future pension benefit estimates was itself not the type of communication with beneficiaries that is fiduciary in nature").

In Reply, Plaintiff claims that a recent, post-*Bafford* decision is "directly on point to the facts here" and "eviscerates" this Court's decision.  Reply at 6 (citing *Warmenhoven v. NetApp, Inc.*, No. 19-16960, 2021 WL 4143107 (9th Cir. Sept. 13, 2021).  In *Warmenhoven*, the defendant employer provided PowerPoint presentations that appeared to falsely promise plan participants lifetime health

insurance benefits. *Id.* at *2. The plaintiffs sued for breach of fiduciary duty, claiming that defendant "had misrepresented the nature of the Plan," *id*. at *3, and the district court concluded that the claim failed because they did not show any "knowing deceit," *id*. at *8. The relevant issue on appeal was whether the Ninth Circuit imposes a scienter requirement (i.e., an intent to deceive) in proving misrepresentation by a plan fiduciary as a theory of remediable wrong under 29 U.S.C. § 1132(a)(3). *Id*. at *8. The court held that there was no such requirement: "Our circuit law does not immunize [the defendant] from liability for its false promises simply because it harbored no ill will or intent to deceive." *Id*.

The Ninth Circuit in *Warmenhoven* did not address the issue in *Bafford*—namely, whether the miscalculation of benefits is a ministerial or fiduciary function. Indeed, the *Warmenhoven* panel did not even cite *Bafford*, which is a pretty good indication that the panel was not deciding the same question. Plaintiff is therefore mistaken in either suggesting that *Warmenhoven* overrules *Bafford* (which it could not do) or asserting that *Warmenhoven* controls the outcome of this case. Unlike *Warmenhoven*, this case does not involve the question of whether the defendant intended to deceive the plaintiff, and this Court's findings and conclusions did not address that question. Dkt. No. 50. Rather, the Court rejected Plaintiff's fiduciary duty claim because the miscalculation of benefits was a ministerial function—as it was in *Bafford*.

### III.     CONCLUSION

A motion for reconsideration may not be used to get a "second bite at the apple," *Weeks*, 246 F.3d at 1236, and that is exactly what Plaintiff's motion attempts to do here. *See Interior Glass Sys., Inc. v. United States*, No. 5:13-cv-05563-EJD, 2017 WL 1153012, at *3 (N.D. Cal. Mar. 28, 2017) ("Rule 59(e)'s purpose is *not* to give an unhappy litigant one additional chance to sway the judge.") (internal quotation omitted). "Arguments that a court was in error on the issues it considered should be directed to the court of appeals." *Kuklok v. U.S. Dep't of Veterans Affs.*, No. 19-cv-02958-DR, 2020 WL 6873426, at *2 (N.D. Cal. Nov. 23, 2020). The motion is **DENIED**.

**IT IS SO ORDERED**.